# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

Leeland E. Eisenberg

                v.                          Case No. 17-cv-122-JL

Nancy A. Berryhill, Acting
Commissioner, Social
Security Administration


## REPORT AND RECOMMENDATION

Pro se plaintiff Leeland Eisenberg initially brought this action in New Hampshire Circuit Court, seeking to recover $659.70 that he believes the Social Security Administration ("SSA") improperly withheld from him in September 2016. SSA removed the matter to this court and moved to dismiss on the basis that Eisenberg did not exhaust his administrative remedies. Eisenberg objected to that motion and filed a cross motion for summary judgment. Both motions were referred to the undersigned magistrate judge for proposed findings of fact and a recommendation as to disposition.

On October 20, 2017, the undersigned issued a Report and Recommendation concluding that the court lacked subject-matter jurisdiction over Eisenberg's claim. Rather than dismiss the action, however, the court recommended that it be remanded back to the New Hampshire Circuit Court. The court further

recommended that both the motion to dismiss and cross motion for summary judgment be denied as moot.

SSA now moves for reconsideration, arguing that the court erred in recommending that this matter be remanded.[1]  Concluding that its previous Report and Recommendation was based on an error of law, the court recommends that SSA's motion reconsideration be granted.  The court further recommends, for the reasons stated below, that the district judge grant SSA's motion to dismiss.

**A.    Motion for Reconsideration**

Reconsideration is "an extraordinary remedy which should be used sparingly." Palmer v. Champion Mtg., 465 F.3d 24, 30 (1st Cir. 2006) (citation and internal quotation marks omitted). Reconsideration is appropriate "only in a limited number of circumstances: if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust."  United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009).

---

[1] Styled an objection, the district judge construed SSA's filing as a motion for reconsideration and referred it to the undersigned for consideration.  See Nov. 20, 2017 Endorsed Order.

SSA argues that this court's earlier Report and Recommendation was based on a manifest error of law. Specifically, SSA contends that this court has an independent basis for jurisdiction over this action under 28 U.S.C. § 1442, which allows "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or any agency thereof, in an official or individual capacity" to remove to federal court any action commenced in state court. Id. § 1442(a)(1). SSA further argues that it has raised a sovereign immunity defense, and that such defenses, when raised by the United States government, must be heard in a federal forum. Finally, SSA contends that federal courts have exclusive jurisdiction to review federal agency action. Thus, SSA argues that the New Hampshire Circuit Court "has no jurisdiction to decide any issue in this case." Doc. no. 11 at 5.

The court concludes, largely for the reasons stated in SSA's motion, that the New Hampshire Circuit Court does not have jurisdiction to hear this action. Thus, the court erred in recommending that this matter be remanded to that court for disposition. This does not end the court's inquiry, however, as the court still must determine whether it lacks jurisdiction over this matter based on the derivative jurisdiction doctrine.

Under that doctrine, "[w]here the state court lacks jurisdiction of the subject matter or of the parties, the federal court acquires none, although in a suit originally brought in a federal court it would have had jurisdiction." State of Minn. v. United States, 305 U.S. 382, 389 (1939).

Congress has expressly abrogated the derivative jurisdiction doctrine for cases removed under 28 U.S.C. § 1441. See id. § 1441(f). But courts have found, particularly in the wake of the 2002 amendment to that section, that the doctrine still applies to cases removed under § 1442. See, e.g., Scallop Shell Nursing & Rehab. v. Gaffett, No. 13-cv-471 ML, 2013 WL 5592736, at *5 (D.R.I. Oct. 10, 2013) (citing cases); 14 Charles A. Wright, et al., Federal Practice and Procedure, § 3655 (4th ed.) ("The amendments to Section 1441, eliminating the derivative jurisdiction bar, left Section 1442 untouched."). Thus, before the court may consider SSA's motion to dismiss, it must first determine under which of these provisions SSA removed this matter.

In its notice of removal, SSA invokes both § 1441 and § 1442(a)(1). See doc. no. 1 ¶ 3.[2] Other courts have concluded

---

[2] The motion for reconsideration primarily focuses on § 1442(a)(1), but does note in a footnote that "[t]he removal notice cited 28 U.S.C. § 1441 because the district courts have exclusive jurisdiction to review the [SSA] Commissioner's decisions . . . ." Doc. no. 11 at 1 n. 1.

that when there is an independent basis for removal under each
provision, the derivative jurisdiction doctrine does not apply.
See, e.g., Bloch v. Exec. Office of the President, 164 F. Supp.
3d 841, 854 (E.D. Va 2016), reconsideration denied sub nom.
Bloch v. Exec. Office of President, No. 1:15-cv-1146, 2016 WL
8224913 (E.D. Va. Mar. 10, 2016) ("Because defendants removed
Count IV, in part, based on § 1441(a), § 1441(f) confers subject
matter jurisdiction."). Here, SSA had an independent basis to
remove this action under § 1441 based on this court's federal-
question jurisdiction. Such jurisdiction extends to "all civil
actions arising under the Constitution, laws, or treaties of the
United States." 28 U.S.C. § 1331. Because Eisenberg's claims
are predicated on his interest in obtaining benefits to which he
contends he is entitled under the Social Security Act (the
"Act"), they "arise under" that act. See Justiniano v. Soc.
Sec. Admin., 876 F.3d 14, 22 (1st Cir. 2017).[3] The court may
therefore consider SSA's motion to dismiss on the merits.

---

[3] The Supreme Court has held that the Act "precludes
federal-question jurisdiction in an action challenging denial of
claimed benefits in an action challenging denial of claimed
benefits" and that "[t]he only avenue for judicial review is 42
U.S.C. § 405(g), which requires exhaustion of the administrative
remedies provided under the Act as a jurisdictional
prerequisite." Mathews v. Eldridge, 424 U.S. 319, 327 (1976).
The court is unaware of any precedent construing this holding to
mean that a Social Security claim cannot be removed under § 1441
unless exhaustion has occurred. Indeed, as noted above, the

SSA's motion for reconsideration (doc. no. 11) should accordingly be granted in full.

## B.  Motion to Dismiss

SSA moves to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction.  In considering such a motion, the court accepts as true all well-pleaded factual allegations in the complaint and draws all reasonable inferences therefrom in the plaintiff's favor.  See Reddy v. Foster, 845 F.3d 493, 497 (1st Cir. 2017). The court may also consider other materials and evidence in the record "whether or not the facts therein are consistent with those alleged in the complaint."  Id.  When subject-matter jurisdiction is challenged, the party invoking jurisdiction has

First Circuit has suggested that claims "arise under" the Act, such that a court can reach the exhaustion issue, when a plaintiff seeks to recover benefits to which he believes he is entitled under the Act.  See Justiniano, 876 F.3d at 22.  But regardless of whether exhaustion is a prerequisite to removal under § 1441, the results would be the same here if Eisenberg failed to exhaust his administrative remedies.  If exhaustion is not a prerequisite to removal under § 1441, then the court would lack subject-matter jurisdiction based on Eisenberg's failure to exhaust.  If exhaustion is a prerequisite, then this case could only be removed under § 1442, leaving this court without subject-matter jurisdiction based on the derivative jurisdiction doctrine.  Either way, if Eisenberg has failed to exhaust his administrative remedies, then this case must be dismissed for lack of subject-matter jurisdiction.

the burden of showing that it exists.  Acosta-Ramirez v. Banco Popular de P.R., 712 F.3d 14, 20 (1st Cir. 2013).

SSA contends that Eisenberg has failed to exhaust his administrative remedies.  Specifically, SSA contends that its decision to suspend Eisenberg's September 2016 Supplementary Social Security Income ("SSI") did not constitute a final decision of the Commissioner that is reviewable by this court.

It is well established that exhaustion is typically a jurisdictional prerequisite to judicial review under the Act. See Mathews v. Eldridge, 424 U.S. 319, 327 (1976) ("The only avenue for judicial review [under the Social Security Act] is 42 U.S.C. s 405(g), which requires exhaustion of the administrative remedies provided under the Act as a jurisdictional prerequisite.").  The Act provides that "[a]ny individual, after any final decision of the Commissioner of Social Security to which he was a party, . . . may obtain a review of that decision" in a federal district court.  42 U.S.C. § 405(g). "This specific statutory grant of jurisdiction is the only avenue that Congress has provided for review of a decision denying social security benefits."  Wilson v. Sec'y of Health & Human Servs., 671 F.2d 673, 677 (1st Cir. 1982) (citing Weinberger v. Salfi, 422 U.S. 749 (1975)).  "And, the 'final decision' required to invoke this jurisdiction has been

authoritatively interpreted to mean 'that the administrative remedies provided by the Secretary be exhausted.'" Id. (quoting Mathews, 424 U.S. at 328).

SSA has demonstrated that Eisenberg failed to exhaust his administrative remedies here. SSA provides, as attachments to its motion, two Notices of Planned Action that it provided Eisenberg with respect to his September 2016 SSI benefits. See doc. no. 3-3 at 1; doc. no. 3-8 at 1. Both notices indicate that Eisenberg had a right to appeal SSA's decision and provide information on how to do so. See doc. no. 3-3 at 2-4; doc. no. 3-8 at 2-4. But according to the SSA's Acting Chief of Court Case Preparation and Review Branch 2 of the Office of Appellate Operations, Office of Disability Adjudication and Review, whose declaration SSA attaches, Eisenberg never appealed either determination. Doc. no. 3-9 ¶ 3(a). These documents support the conclusion that Eisenberg never received a final agency decision that this court may review.

Eisenberg's arguments in response to SSI's motion are unavailing. Eisenberg contends that he sent several letters to the office supervisor/manager of the Social Security Administration, 70 Commercial Street, Suite 100, Concord, New Hampshire 03301, seeking informal remedies and actual appeals. Eisenberg has provided no evidence to support this contention,

however, and it is inconsistent with the documentation provided by SSA.  Additionally, even if the court were to assume the truth of this assertion, it does not demonstrate that Eisenberg ever received a final agency decision from SSA.  Eisenberg's remaining arguments go to the merits of his claim, which the court cannot reach absent subject-matter jurisdiction.  Thus, nothing in Eisenberg's objection undercuts the conclusion that Eisenberg did not exhaust his claims.[4]

In sum, the court concludes that Eisenberg has not exhausted his administrative remedies.  As such, this court is without subject-matter jurisdiction over this action.  SSA's motion to dismiss (doc. no. 3) should accordingly be granted.

---

[4] Though not raised by either party, the court notes that this is not a case where the judicial waiver of exhaustion is appropriate.  In determining whether to waive the exhaustion requirements, courts consider (1) whether the claim is "entirely collateral to the claim for benefits that would be the subject of the administrative appeals process"; (2) whether the plaintiff has "presented a colorable claim that [he] will be irreparably harmed absent judicial waiver of exhaustion"; and (3) "the practical considerations that bear on waiving the exhaustion requirement."  Justiniano, 876 F.3d at 27, 28, 29.  While Eisenberg arguably makes reference to due process in his objection to the motion to dismiss, his claim is firmly one for the denial of SSI benefits.  Similarly, Eisenberg has not articulated why the suspension of his September 2016 benefits would cause him irreparable harm.  And finally, there is no indication that Eisenberg's claim presents any of the circumstances courts typically consider when analyzing the "practical considerations that bear on waiving the exhaustion requirement."  See id. at 29-31 (discussing some of those circumstances).  Thus, there is no cause to waive the exhaustion requirements in this case.

## Conclusion

For the above-stated reasons, the court recommends that the district judge grant SSA's motion for reconsideration (doc. no. 11) and grant SSA's motion to dismiss (doc. no. 3).  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016); Fed. R. Civ. P. 72(b)(2).

Andrea K. Johnstone
United States Magistrate Judge

February 5, 2018

cc:    Leeland Eisenberg, pro se
       Robert J. Rabuck, Esq.